IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHRISTOPHER J., <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, Commissioner of Social Security, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br><br> Case No. 4:24-cv-00107-PK <br><br> Magistrate Judge Paul Kohler |

This matter comes before the Court on Plaintiff's appeal from the decision of the Social Security Administration denying his application for disability insurance benefits and supplemental security benefits.[1] The Court affirms the administrative ruling.

I. STANDARD OF REVIEW

This Court's review of the administrative law judge's ("ALJ") decision is limited to determining whether the findings are supported by substantial evidence and whether the correct legal standards were applied.[2] "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[3] The ALJ is required to consider all of the evidence, although the ALJ is not required to discuss all of the evidence.[4] If supported by substantial evidence, the Commissioner's findings are conclusive and must be

---

[1] Docket No. 12, filed March 31, 2025.

[2] *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

[3] *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

[4] *Id.* at 1009–10.

affirmed.[5] The Court must evaluate the record as a whole, including the evidence before the ALJ that detracts from the weight of the ALJ's decision.[6] However, the reviewing court should not re-weigh the evidence or substitute its judgment for that of the Commissioner.[7]

## II.  BACKGROUND

A.  PROCEDURAL HISTORY

On April 13, 2022, Plaintiff applied for disability insurance benefits and on July 28, 2022, for supplemental security income benefits, both alleging disability beginning on June 1, 2017.[8] The claim was denied initially and on reconsideration.[9] Plaintiff then requested a hearing before an ALJ,[10] which was held on October 27, 2023.[11] On December 14, 2023, the ALJ found that Plaintiff was not disabled.[12] The Appeals Council denied review on November 25, 2024,[13] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.[14]

On December 30, 2024, Plaintiff filed his complaint in this case.[15] On the same date both parties consented to a United States Magistrate Judge conducting all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the

---

[5] *Richardson*, 402 U.S. at 390.

[6] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

[7] *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).

[8] R. at 160–78.

[9] *Id*. at 66–97, 104–110.

[10] *Id*. at 111–13.

[11] *Id.* at 38–65.

[12] *Id.* at 14–37.

[13] *Id.* at 1–6.

[14] 20 C.F.R. §§ 416.1481, 422.210(a).

[15] Docket No. 1.

Tenth Circuit.[16] The Commissioner filed an answer and the administrative record on February 27, 2025.[17]

Plaintiff filed his Opening Brief on March 31, 2025.[18] The Commissioner's Answer Brief was filed on June 27, 2025.[19] Plaintiff filed his Reply Brief on July 14, 2025.[20]

B.      RECORD EVIDENCE[21]

Plaintiff sought benefits, claiming major depressive disorder, psychophysiological insomnia, insomnia, anxiety disorder, panic disorder, essential hypertension, and left ventricular hypertrophy.[22] In his functional report,[23] Plaintiff claimed that his depression and anxiety resulted in a lack of energy and uncontrollable panic attacks. He also stated that he experiences suicidal thoughts. Despite this, Plaintiff stated that he took care of his daughter, which included homeschooling, and took care of his emotional support dog. In her report,[24] Plaintiff's wife confirmed that Plaintiff homeschooled their daughter and cared for his emotional support dog. While she noted that Plaintiff has panic attacks and difficulty sleeping, she reported that he was able to do chores, go grocery shopping, and pay attention. However, they do these activities

---

[16] Docket No. 5.

[17] Docket No. 11.

[18] Docket No. 12.

[19] Docket No. 19.

[20] Docket No. 21.

[21] Plaintiff's arguments focus on his mental impairments and the Court's recitation of the record will do the same.

[22] R. at 204.

[23] *Id.* at 213–20.

[24] *Id.* at 229–36.

together. Plaintiff's wife also noted that Plaintiff experienced times when he was unable to get out of bed and stated that he sometimes got angry over little things.

The medical evidence, which is limited, shows Plaintiff has sought treatment for and been diagnosed with various mental health impairments, including depression and anxiety.[25] Though some records reflect Plaintiff doing poorly,[26] others show him doing relatively well and stable on his medication.[27]

Before the ALJ, Plaintiff testified that he suffered from weekly anxiety attacks and only left the house to help with grocery shopping or to attend doctor appointments.[28] He stated that he always went grocery shopping with this wife.[29] With his depression, Plaintiff stated that there were times where he was unable to get out of bed but that his medications have helped.[30]

C.   THE ALJ'S DECISION

The ALJ followed the five-step sequential evaluation process in deciding Plaintiff's claim. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since June 1, 2017, the alleged onset date.[31] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: depression, anxiety, hypertension, history of ankle fracture, and history of ventricular hypertrophy.[32] At step three, the ALJ determined that

---

[25] *Id.* at 296.
[26] *Id.* at 300–01.
[27] *Id.* at 303, 305, 307, 309, 311, 317, 320, 322, 324, 326, 363, 371.
[28] *Id.* at 51–52, 56.
[29] *Id.* at 53, 57.
[30] *Id.* at 55.
[31] *Id.* at 20.
[32] *Id.* at 20–21.

Plaintiff did not meet or equal a listed impairment.[33] At step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform medium work with certain limitations.[34] Then, the ALJ concluded that Plaintiff was unable to perform any past relevant work.[35] At step five, the ALJ found that there were jobs that exist in significant numbers that Plaintiff could perform and, therefore, he was not disabled.[36]

### III. DISCUSSION

Plaintiff argues that the ALJ erred in the evaluation of his mental impairments and in the evaluation of the medical opinion evidence. Each will be discussed in turn.

A.     MENTAL IMPAIRMENTS

Plaintiff first argues that the ALJ erred in evaluating the severity of his mental impairments. At steps two and three, the regulations prescribe a "special technique" to determine severity or non-severity of mental impairments.[37] First, the ALJ establishes whether the claimant has a medically determinable mental impairment. Second, the ALJ rates the functional limitation resulting from such impairment in four broad functional areas.[38]

---

[33] *Id.* at 21–23.

[34] *Id.* at 23–31.

[35] *Id.* at 31.

[36] *Id.* at 31–33.

[37] *See Wells v. Colvin*, 727 F.3d 1061, 1064 (10th Cir. 2013); 20 C.F.R. §§ 404.1520a, 416.920a.

[38] The regulations identify four broad functional areas: "Understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself." 20 C.F.R. §§ 404.1520a(c)(3); 416.920a(c)(3). These are rated on a "five-point scale: None, mild, moderate, marked, and extreme." *Id.* §§ 404.1520a(c)(4); 416.920a(c)(4).

At step two, the ALJ found that Plaintiff had a number of severe mental impairments, including depression and anxiety.[39] At step three, the ALJ found that Plaintiff had mild limitations in understanding, remembering, or applying information; moderate limitations in interacting with others; moderate limitations with regard to concentrating, persisting, or maintaining pace; and mild limitations in adapting or managing oneself.[40] In reaching these conclusions, the ALJ engaged in a review of the evidence in the record, including evidence that could support a finding of greater limitations. The ALJ acknowledged that Plaintiff alleged difficulty with personal care and problems with memory, completing tasks, following instructions, and getting along with others.[41] However, the ALJ noted evidence, including a report from Plaintiff's wife, that Plaintiff had no mental limitations with the exception of getting along with others. The ALJ found this evidence persuasive and largely supported by and consistent with the mental status exams, which were largely unremarkable. The ALJ then accounted for these limitations in his RFC assessment, which limited Plaintiff "to performing simple 1-4 step, routine, repetitive tasks where such work is performed in a low stress work environment, defined as requiring only occasional decision making and occasional changes in the work setting, and where there would only be occasional contact with co-workers, supervisors, and with the general public."[42]

---

[39] R. at 20–22.
[40] *Id.* at 22.
[41] *Id.*
[42] *Id.* at 23.

Plaintiff argues that the ALJ's analysis was flawed. Plaintiff points to evidence that could support additional limitations and asserts that the ALJ either failed to acknowledge this evidence or he mischaracterized it. In doing so, Plaintiff essentially asks the Court to reweigh the evidence to conclude that the ALJ should have imposed greater limitations. This, however, is not the Court's role. Plaintiff is correct that there is evidence that could support additional limitations than those found by the ALJ, but "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence."[43]

Plaintiff also complains that the ALJ improperly focused on the functional report completed by Plaintiff's wife in discussing the functional areas. However, a fair reading of the ALJ's decision reveals that he considered all of the evidence and did not base his determination on a single functional report. Rather, the ALJ considered and discussed all of the relevant evidence. While the ALJ's discussion of each functional area could have been more robust, the ALJ's evaluation of Plaintiff's mental impairments is supported by substantial evidence.

B.   MEDICAL OPINION EVIDENCE

Plaintiff argues that the ALJ erred in his evaluation of the medical opinion evidence from Kathryn Adams, APRN and Kent Rosengren, Psy.D. An ALJ is not required to defer to or give any specific weight to medical opinions or prior administrative medical findings.[44] Rather, the ALJ considers them using the criteria in 20 C.F.R. § 404.1520c(c): (1) supportability; (2)

---

[43] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

[44] 20 C.F.R. § 404.1520c(a).

consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors tending to support or contradict a medical opinion or prior administrative medical finding. The most important criteria for determining persuasiveness are the supportability and consistency.[45]

The ALJ must articulate "how persuasive [he or she] find[s] all of the medical opinions and all of the prior administrative medical findings in [the] case record."[46] The ALJ must explain how he or she considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings, but is generally not required to explain how he or she considered other factors.[47] Social Security Ruling 96-8p emphasizes that "[i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."[48] "The RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence."[49]

Ms. Adams completed a Treating Source Statement of Mental Limitations on August 10, 2022.[50] In that Statement, Ms. Adams opined that Plaintiff had marked limitations in most work-related domains and moderate limitations in the rest. She opined that Plaintiff would be absent four or more days per month and would be off-task 20% or more of the time. The ALJ found Ms.

---

[45] *Id.* § 404.1520c(a), (b)(2).

[46] *Id.* § 404.1520c(b).

[47] *Id*. § 404.1520c(b)(2).

[48] SSR 96-8p, 1996 WL 374184, at *7.

[49] *Id.*; *see also Givens v. Astrue*, 251 F. App'x 561, 568 (10th Cir. 2007) ("If the ALJ rejects any significantly probative medical evidence concerning [a claimant's] RFC, he must provide adequate reasons for his decision to reject that evidence.").

[50] R. at 349–50.

Adams' assessment unpersuasive as it was "not supported by and is completely inconsistent with her own records."[51]

Plaintiff contends that the ALJ erred because he only articulated the supportability factor, making no mention of the consistency factor. Though the ALJ's articulation of the relevant factors certainly leaves something to be desired, a complete review of the ALJ's decision supports that the ALJ engaged in the necessary analysis.[52] The ALJ reviewed and discussed the medical evidence, along with the opinions of the state agency physicians and consultative examiners. All of this evidence lends credence to the conclusion that Ms. Adams' extreme opinions were not consistent with the overall record, rendering the ALJ's lackluster articulation harmless.

Dr. Rosengren evaluated Plaintiff on December 12, 2022.[53] Dr. Rosengren diagnosed major depressive disorder, generalized anxiety disorder, and panic disorder. Dr. Rosengren opined that Plaintiff would have marked limitations in his ability to: work with complex, multi-step instructions; sustain focus and concentration; persist in work-related activities at a reasonable pace, maintain effective social interactions with others, including supervisors, coworkers, and the public; and deal with and adapt to the normal pressures of a competitive work environment.

---

[51] *Id.* at 30.

[52] So long as the court can "trace the path of the adjudicator's reasoning," the ALJ has met the articulation requirements. *Nielsen v. Comm'r, SSA*, No. 21-4136, 2022 WL 15570650, at *5 (10th Cir. Oct. 28, 2022) (quoting Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5858 (Jan. 18, 2017)).

[53] R. at 351–55.

The ALJ found Dr. Rosengren unpersuasive. The ALJ noted that Dr. Rosengren only examined Plaintiff on one occasion and that the conclusions he reached were inconsistent with the mental status examinations completed by Plaintiff's treating sources and the other documented mental health treatment. Plaintiff argues that the ALJ's error with Dr. Rosengren's opinion is the inverse of the error with Ms. Adams, namely that the ALJ failed to adequately articulate the supportability factor.

As with the ALJ's discussion of Ms. Adams, his evaluation of Dr. Rosengren's assessment, while lacking, is sufficient. The ALJ pointed to findings Dr. Rosengren articulated that ran counter to his stated opinions. Specifically, the ALJ discussed that Dr. Rosengren noted that Plaintiff's grooming and hygiene were adequate; he did not have significant speech limitations; his recent and remote memory were intact; he was alert and oriented to person, place, and situation; he was able to perform serial 2s without error and spell the word "WORLD" forward and backward; his judgment and insight were intact; and no perceptual abnormalities were reported or observed. Though the ALJ could have been more explicit, this recitation supports the conclusion that Dr. Rosengren's marked limitations were not supported by the examination he conducted.

Plaintiff takes issue with the fact that the ALJ discounted Dr. Rosengren's opinion, in part, because he only evaluated Plaintiff once. Plaintiff points out that the ALJ found the opinion of Charisma Pinna, M.D.,[54] persuasive even though she only evaluated Plaintiff once. And that the ALJ found the state agency consultants' opinions persuasive even though they did not

---

[54] *Id.* at 357–60.

examine Plaintiff at all. While it is true that both Drs. Rosengren and Pinna evaluated Plaintiff one time and the state agency consultants did not evaluate him at all, it does not follow that the ALJ was required to assess their opinions in the same manner. Instead, the relationship with the claimant, including the frequency of examinations, is one of many factors the ALJ may consider in determining the persuasiveness of medical opinion evidence.[55] Nothing in the regulations require an ALJ to provide the same weight to medical opinion evidence based on the frequency of contact with the claimant. Here, the ALJ provided an adequate explanation, supported by substantial evidence, as to the persuasiveness of Dr. Rosengren's assessment.

## IV.  CONCLUSION

Having made a thorough review of the entire record, the Court affirms the Commissioner's decision.

DATED this 16th day of July, 2025.

BY THE COURT:

_____
PAUL KOHLER
United States Magistrate Judge

---

[55] 20 C.F.R. § 404.1520c(3).